Jacob Markowitz, J.
This is a motion to vacate a warrant of attachment. Defendants appear specially for this motion. They contend, as a matter of law, that the corpus of a trust fund, which is the subject of the attachment herein, is not attachable by the creditors of a defendant where the corpus is delivered to the trustees for specific purposes and the settlors are divorced from control over it. The trouble is not with the defendants’ pronouncement of the law, which is good, but with the provisions of the instant trust agreement which fail to bring this alleged trust within the purview of that law and the cases cited by the defendants. On the contrary, a perusal of the terms of the trust agreement makes it clear that plaintiffs must be included in the category of beneficiaries of the trust, and are not merely creditors of the defendants. Moreover, all defendants still retain a present interest in the trust fund, which at the moment is apparently sufficient to cover the instant attachment. Defendants’ pessimism as to the outcome of pending and future litigation against the trust fund can in no way detract from the real interests presently held by defendants in the said fund. Future happenings based on fond expectations of hopeful litigants cannot alter present facts. The defendants also retain some control over the trust. The provisions of this same trust fund have been similarly interpreted by Justice Amsterdam (see Arnold Chait, Ltd. v. La Metropolitana, N. Y. L. J., Aug. 17, 1960, p. 4, col. 6). There is no need for the court, as plaintiffs urge, on the present jurisdictional motion to make any declaration as to the validity of the trust. Such a determination at this time ivould, in fact, be improper in the absence of the trustees, who would be indispensable parties to such a decision. Suffice it.to say that the trust funds here in question are properly subject to a levy and that the evidence presented amply supports this conclusion. The motion is denied in all respects.